IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BONNIE and MICHAEL T., next and best )
friends of A.T., a minor child,[1] )
　)
      Plaintiffs, )
　)
vs. )  Case No. CIV-05-635-M
　)
STAR SPENCER HIGH SCHOOL, )
SPENCER POLICE DEPARTMENT, and )
SPENCER POLICE CHIEF, )
　)
      Defendants. )

**ORDER**

Pending before the Court are two motions to dismiss, the first filed by Defendants Spencer Police Department (the "S.P.D.") and Spencer Police Chief (the "Chief"), and the second filed by Defendant Star Spencer High School (the "School"). Plaintiffs have not responded within the time prescribed by Local Civil Rule 7.2(f). Thus, the motions are ripe for determination. For the reasons that follow, both motions will be granted.

I.    Background

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983.[2] As the basis for their claims, Plaintiffs allege that in 2004, their then 14-year old daughter, a former student at the School, was raped by a then 18-year old student in one of the School's locker rooms. Plaintiffs allege that "the officials of [the] School . . . were Negligent in their dealings with this matter as they did not provide

---

[1] Initials are used pursuant to the Judicial Conference Policy on Privacy and the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899. *See* Amended General Order Regarding Privacy and Public Access to Electronic Case files, GO-05-2, W.D. Okla., February 16, 2005.

[2] Plaintiffs filed the action in the District Court of Oklahoma County, State of Oklahoma. Defendants timely removed the action to this Court.

adequate adult supervision at a school activity as to prevent the attack of the minor child on the school premises," Petition at ¶ 7, the S.P.D. "was Negligent in their dealings with this matter as they failed to fully investigate and refer the matter to the Oklahoma County District Attorney for determination as to whether charges should be filed," *id.* at ¶ 8, and the Chief "was Negligent in his dealings with this matter as he obtained a confession of a crime from an alleged attacker and failed to provide the information to the Oklahoma County District Attorney's Office for charges to be brought." *Id.* at ¶ 9.

Defendants now move the Court to dismiss Plaintiffs' Petition.[3] The S.P.D. and the Chief argue the Petition fails to state a claim under § 1983 because it alleges only that Defendants acted negligently, and negligence cannot give rise to § 1983 liability under these circumstances. They also argue that municipal police departments are not subject to suit under § 1983. The School raises the same two arguments: (1) Plaintiffs cannot state a claim under § 1983 by alleging the School *negligently* violated their daughter's constitutional rights, and (2) the School is not a suable entity.

II.  Discussion

Motions to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) should be sustained "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing such motions, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (quoting *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984)).

---

[3] Because Plaintiffs commenced this action in state court, *see supra* note 2, they properly filed a "Petition," rather than a "Complaint." *See* Okla. Stat. tit. 12, § 2003 ("A civil action is commenced by filing a petition with the court.").

Further, the court must "view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed." *Id.* The question confronting the court when deciding a Rule 12(b)(6) motion is not whether the plaintiff should prevail, "but whether the plaintiff is entitled to offer evidence to support her claims." *Id.*

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The Supreme Court has explained that "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Consequently, a plaintiff requesting relief under § 1983 must "identify the specific constitutional right allegedly infringed." *Id.*

Turning to the case at bar, the Court observes that Plaintiffs' Petition does not identify any specific constitutional right allegedly infringed by Defendants. This fact alone warrants the dismissal of Plaintiffs' Petition for failure to state a claim. *Albright*, 510 U.S. at 271. Defendants, however, do not seek relief on this ground. Rather, Defendants argue that the Fourteenth Amendment's Due Process Clause constitutes the only conceivable constitutional basis for Plaintiffs' claims, and they further argue that Plaintiffs have failed to state a claim for relief because negligent conduct cannot give rise to a Due Process violation redressible under § 1983.

The Supreme Court has made clear that "the Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a *negligent* act of an official causing unintended loss or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original); *see also Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a '*deliberate*' deprivation of constitutional rights by the defendant. . . . It cannot be predicated upon negligence.") (citations omitted; emphasis in original). In the instant action, Plaintiffs allege the S.P.D., the Chief, and the School *negligently* infringed their daughter's constitutional rights; they do *not* allege Defendants acted deliberately in any respect. Petition at ¶¶ 7-9. Therefore, to the extent that the constitutional rights allegedly infringed by Defendants inhere in the Fourteenth Amendment's Due Process Clause, Plaintiffs' allegations against all three Defendants, even if true, fail to state a claim for relief under § 1983. *See Daniels*, 474 U.S. at 328; *Woodward*, 977 F.2d at 1399. To the extent that the constitutional rights at issue inhere in some other constitutional provision, Plaintiffs' Petition is subject to dismissal under Rule 12(b)(6) on the ground that the provision is not identified. *Albright*, 510 U.S. at 271.[4]

---

[4] In light of this ruling, the Court need not address the alternative argument that the S.P.D. and the School are not legal entities subject to suit under § 1983. The Court notes, however, that under Tenth Circuit precedent, a municipal police department, independent of the municipality with which it is associated, may not be sued under § 1983. *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds*, *Tyus v. Martinez*, 475 U.S. 1138 (1986); *see also, e.g., West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1400 n.1 (2d Cir. 1996); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). The Court further notes that under Oklahoma law, public school *districts*, as opposed to the individual public schools that fall within those districts, are the proper defendants in an action involving potential liability of a school. Okla. Stat. tit. 70, § 5-105.

III.     Conclusion

For all of the above-stated reasons, the Court finds that Plaintiffs' Petition must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The Court, therefore, GRANTS the Motion to Dismiss filed by the S.P.D. and the Chief [docket no. 5], GRANTS the Motion to Dismiss filed by the School [docket no. 8], and DISMISSES Plaintiffs' Petition without prejudice.

**IT IS SO ORDERED this 26th day of August, 2005.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE